**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GARDEN CITY BOXING CLUB, INC.** | : | |
| | : | |
| **VS.** | : | **C.A. NO.: 06-406T** |
| | : | |
| **UMBERTO H. SORBO and JOHN FAZZI, individually and as the alter egos of grill 505, LLC, d/b/a Sharx Bar & Grill; Grill 505, LLC, an unknown Business entity d/b/a Sharx Bar & Grill** | : | |

## RULE 16 STATEMENT

Now comes the Plaintiff by and through its counsel in the above matter and reports to the Court as to the above referenced matter as follows.

The matter pending before this court relates to a situation in which the Plaintiff was the producer and owner of the rights to a certain championship fight program between Oscar Dela Yoya and Shane Mosley, II, which was televised via cable and satellite networks on or about September 13, 2003. It is the Plaintiff's position that the Defendant intercepted the programming without paying for those rights and proceeded to televise the fight in question to the patrons at their establishment known as Grill 505, LLC d/b/a Sharx Bar and Grille located at 505 Atwood Avenue, Cranston, Rhode Island.

It is the Plaintiff's claim that the Defendant in doing so, violated 47USC§605 et al and §533 et al, as well as converting the Plaintiff's product for the Defendant's personal gain. At the present time, the parties are in the process of exchanging some documentation as well as discovery, which has already been issued by both sides including Interrogatories, Request for Production and Request for Admissions sent from the Plaintiff to the Defendant's counsel as well as a Request for Production and Deposition notices sent By Defendant's counsel to Plaintiff's counsel.

It is anticipated that some further discover may take place over the near future. Clearly, it would be in the best interest of both parties to attempt to resolve this matter and some discussion was initiated at the onset of the case, which at this point, has stalled. It is the Plaintiff's position that further discussion would benefit for both sides, although the Defendant is seeking the Deposition of Plaintiff's witness, which would probably expedite and assist the Defendant in coming to some realization that Plaintiff's claim has merit.

It appears that the issues in question is whether or not the Defendant in fact televised the program in question without paying Plaintiff for the rights to so show the programming and if so, what if any damages were suffered by Plaintiff despite the statutory amount allocated in the statutes referenced above.

GARDEN CITY BOXING CLUB, INC.
By its Attorney,

/s/ Marc D. Wallick______________________

Marc D. Wallick, Esq. #2152
WALLICK & ASSOCIATES, LTD.
51 Jefferson Boulevard
Warwick, RI 02888
(401) 461-0100

**CERTIFICATION**

I hereby certify that a true copy of the within Rule 16 Statement was electronically sent to Thomas A. Tarro, III, Esq. For Defendant and Clerk of Court on this 27th day of April, 2007.

/s/ Robyn Carpenter___________________

rc c:\docs\rule-sorbo