UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC.<br>Plaintiff,<br><br>vs.<br><br>UMBERTO H. SORBA and JOHN FAZZI, individually and as the alter egos of Grill 505, LLC, d/b/a Sharx Bar & Grill; GRILL 505, LLC, an unknown business entity d/b/a Sharx Bar & Grill,<br>Defendants. | : | Case No. 06-406T |

**AMENDED NOTICE of 30(b)(6) DEPOSITION**

**DEPONENT:** ***GARDEN CITY BOXING CLUB, INC***

**TIME & DATE OF TAKING: Tuesday May 29, 2007 at 1:00 p.m.**
***Previously scheduled: May 23, 2007 at 10:00 a.m.***

TO: Mark D. Wallick, Esq.
Wallick & Associates, Ltd.
51 Jefferson Boulevard
Warwick, RI 02888
Wallicklaw@aol.com

Please take notice that pursuant to Rules 30(b)(6) and 34 of the Federal Rules of Civil Procedure, the Plaintiff will take the testimony on oral examination of the Defendant ***GARDEN CITY BOXING CLUB, INC*** on **Tuesday May 29, 2007 at 1:00 p.m**. at **The Law firm of Thomas A. Tarro, III, 300 Centerville Road, Summit East, Suite 330, Warwick, Rhode Island** before a Notary Public of the State of Rhode Island and thereafter from day to day as the taking of the deposition may be adjourned, at which

time and place you are notified to appear and take part in the examination as you may be advised and as shall be fit and proper.

The deponent is requested to bring with him/her any and all original documents which are set forth herein on the date of the scheduled deposition and produce a copy of same to undersigned counsel on or before the close of business on **May 18, 2007:**

a. Any and all documents/records pertaining to Grill 505, LLC d/b/a Sharx Bar including but not limited to any and all electronically stored data.

b. Any and all documents pertaining to Gerard Ross and his investigation/surveillance/ observance of Grill 505, LLC d/b/a Sharx Bar & Grill including but not limited to any and all electronically stored data.

c. Any and all documents pertaining to Gerard Ross and his investigation/surveillance/ observance of any other business establishment on September 13 and 14,2003 including but not limited to any and all electronically stored data.

d. Any and all document pertaining to claims asserted by Plaintiff against 3rd parties similar to those set forth in the complaint including but not limited to complaints, answers to interrogatories, deposition transcripts, settlement agreements, judgments etc.

e. Documents/reports/ memorandums including but not limited to electronically stored data prepared/ authored/generated by Gerard Ross and his investigation/ surveillance /observance of Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill) place of business.

f. . Documents/reports/memorandums including but not limited to electronically stored data prepared/authored/generated by Gerard Ross pertaining to

his investigation/surveillance/observance of other business establishments on September 13 and 14, 2003.

g. Photographs/videos taken of Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill) place of business .

h. Advertisements/announcements pertaining to Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill) place of business and the type of entertainment offered.

The subject matters on which the examination is to be conducted are as follows:

1. The existence of the documents requested pursuant to FRCP 34;

2. The electronic creation, duplication, and/or storage of the documents requested pursuant to FRCP 34;

3. Any and all document retention/destruction policies that would relate to any of the documents requested pursuant to FRCP 34;

4. The location of the documents requested pursuant to FRCP 34;

5. The organization, indexing and/or filing of the documents requested pursuant to FRCP 34;

6. The method of search for the documents requested pursuant to FRCP 34;

7. The completeness of the documents produced pursuant to FRCP 34;

8. The authenticity of the documents produced pursuant to FRCP 34;

9. The selection of Gerard Ross and the basis or reason why he was sent to the Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill ) place of business.

10. The extend and scope of Gerard Ross' investigation/ surveillance /observance of Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill) place of business.

11. Documents/reports/memorandums including but not limited to electronically stored data prepared/authored/generated by Gerard Ross and his investigation/surveillance/observance of Defendant's (Grill 505, LLC d/b/a Sharx Bar & Grill) place of business.

12. Similar investigations/surveillance/observations by Gerard Ross of other business establishments on September 13 and 14th, 2003 and any reports/ findings/memorandum generated as a result thereof.

13. Litigation filed against third parties similar to that filed against the Defendants and judgments recovered and/or settlements reached.

14 All facts set forth in the Complaint upon which Plaintiff bases its allegations as set forth in the Complaint.

15. Identification by full name, current (or last known) employer and employment capacity and current (or last known) address and telephone number of all witnesses and/or persons who have information regarding Plaintiff's allegations as set forth in the Complaint.

16. Identification of all documents upon which Plaintiff bases its allegations as set forth in the Complaint.

Defendants,

By and through their attorney,

__/s/ Thomas A. Tarro, III___________

Thomas A. Tarro, III, Esq., #2046
**THE LAW FIRM OF THOMAS A. TARRO, III**
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 facsimile

## CERTIFICATION

I, the undersigned, hereby certify that I have emailed a copy of the foregoing ***Notice of 30(b)(6) Deposition*** on the 8th day of May, 2007, to:

Mark D. Wallick, Esq.
Wallick & Associates, Ltd.
51 Jefferson Boulevard
Warwick, RI 02888
Wallicklaw@aol.com

Capital Court Reporting
931 Jefferson Boulevard
Suite 2300
Warwick, RI 02886

_/s/ Thomas A. Tarro, III__________